Yan v. Holder

BIA
Poczter, IJ
A201 122 116

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand fourteen.

PRESENT:
       GUIDO CALABRESI,
       JOSÉ A. CABRANES,
       BARRINGTON D. PARKER,
            *Circuit Judges.*

_____

YIN YAN YAN,
       *Petitioner,*

       v.                                    13-4530
                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONER:          JP Sarmiento, Cleveland, OH.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Linda S. Wernery, Assistant
                         Director; Gerald M. Alexander, Trial
                         Attorney, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yin Yan Yan, a native and citizen of the People's Republic of China, seeks review of a November 14, 2013, decision of the BIA affirming the January 12, 2012, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yin Yan Yan*, No. A201 122 116 (B.I.A. Nov. 14, 2013), *aff'g* No. A201 122 116 (Immig. Ct. N.Y. City Jan. 12, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Yan's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding

2

on the plausibility of an asylum applicant's account, inconsistencies in his statements, and "any inaccuracies or falsehoods in such statements," so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's finding that Yan was not credible because he submitted documents that contained false information.

Yan claimed the following. He and his wife were married in a traditional ceremony in 1993, but did not register their marriage with authorities. They moved from Houzhou, the city where they were born, to evade family planning officials. Between 1994 and 2002, they had three sons. In 2005, they sent their sons to live with Yan's mother in the village of Yannang, and, a few months later, moved to Cheng, an adjacent village, so that they could visit their sons regularly without being detected (both Yannang and Cheng are located within Houzhou). In 2006, a

3

former classmate who worked at the police office helped Yan register his sons in a household registry so that they could attend school. In February 2007, Yan and his wife, who were still living in Cheng, surreptitiously visited their sons in Yannang. Authorities found and arrested Yan and his wife; forcibly sterilized Yan's wife; detained Yan for five days, during which time they beat and starved him; and, on release, fined Yan and his wife because they violated the family planning policy. Yan and his wife then registered their marriage in October 2007. In 2009, authorities detained Yan because he had not paid the fine in full.

During cross examination, Yan was confronted with the household registry that he had submitted, which was issued in October 2006, listed him as the head of the household, and stated that he was married, lived with his wife and three sons in Yannang, and that his three sons had been born in Houzhou City. Yan was also confronted with his children's birth certificates that he had submitted. The certificates were issued in 2010, after Yan arrived in the United States, and also stated that his children were born in Houzhou. Yan admitted that the information in the household registry and the birth certificates was false. He

4

explained that his former classmate had obtained the false household registry for him. He did not explain, however, why he submitted false documents to the IJ without acknowledging them as such, nor how he obtained false birth certificates for his children years after he departed China.

In her decision, the IJ noted that the household registry and birth certificates were inconsistent with Yan's testimony, and that Yan admitted for the first time during cross-examination that these documents contained false information. She found Yan not credible because he knowingly submitted false documents in support of his claim. Because the REAL ID Act permits the agency to base an adverse credibility determination on any falsehoods in an applicant's statements, regardless of whether they go to the heart of his claim, a totality of the circumstances supports the agency's adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Yan's life or freedom depended upon his credibility, the agency's finding that he was not credible necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk